UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| O.F. MOSSBERG & SONS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| KE ARMS, LLC | ) | |
| | ) | MAY 19, 2016 |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff O.F. Mossberg & Sons, Inc., through its attorneys, hereby alleges:

### THE PARTIES

1. Plaintiff O.F. Mossberg & Sons, Inc. ("Mossberg") is a corporation, organized under the laws of the state of Connecticut, having a principal place of business at 7 Grasso Avenue, North Haven, CT 06473.

2. On information and belief, Defendant KE Arms, LLC d.b.a. KE Arms ("Defendant") is a limited liability company, organized under the laws of Arizona, having a principal place of business at 4343 E. Magnolia Street, Phoenix, AZ 85034.

### JURISDICTION AND VENUE

3. This is a claim for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281.

4. This Court has jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Defendant is subject to personal jurisdiction in this Court because Defendant offer for sale and sells the accused infringing products throughout the United States and specifically to residents of Connecticut via retail locations and via an Internet site, http://www.kearms.com/.

6. On information and belief, Defendant regularly solicits and conducts business in Connecticut and/or derives substantial revenue from the infringing products provided to businesses and residents of Connecticut. Connecticut businesses (*i.e.*, retail locations) offer to sell those products. Connecticut residents purchase those infringing products from those Connecticut businesses or directly from Defendant. Accordingly, both jurisdiction and venue are proper in this court. 28 U.S.C. §§ 1391 and 1400.

## FACTS

7. Mossberg is a manufacturer of firearms (*e.g.*, shotguns) and related items. Mossberg sells its firearms both in the United States and internationally.

8. Mossberg is the Assignee and owner of all rights, title and interest in U.S. Patent 7,293,385 B2, entitled "MODULAR TRIGGER GROUP FOR FIREARMS AND FIREARM HAVING A MODULAR TRIGGER GROUP" ("the '385 patent"), issued by the U.S. Patent and Trademark Office ("USPTO") on November 13, 2007, and subsequently reexamined by the USPTO. A copy of the '385 patent, as originally issued, is attached as Exhibit A.

9. The '385 patent basically describes a modular drop-in trigger assembly (a.k.a. "trigger group module" or "drop-in trigger") which can be substituted for an existing trigger assembly within a lower receiver of a firearm, such as a semiautomatic rifle ("AR"). Instead of fumbling with multiple trigger components, a person can drop in the patented modular trigger assembly and attach it to the firearm by two of the firearm's existing pins.

10. The '385 patent fully describes and illustrates a preferred embodiment of the patented modular trigger assembly. That embodiment comprises: a module housing; two hollow modular pins having opposite ends mounted within two pairs of aligned holes in opposing sidewalls of the housing; and the firearm's trigger group components (*e.g.*, a trigger and a hammer) mounted on the modular pins, inside the housing, for rotation about those modular pins. Upon placing the drop-in trigger between two sidewalls of a lower receiver, two other pins (*e.g.*, the two existing pins mentioned in Paragraph 9 above) are inserted through the following aligned holes: a pair of holes in each of the receiver sidewalls; and the two hollow modular pins.

11. Each modular trigger assembly can have a different "trigger pull" (*i.e.*, the amount of force it takes for a shooter to pull back the trigger). Therefore, a user can substitute a different modular trigger assembly if the shooter desires to have a different trigger pull. Different trigger pulls are used, for example, in target shooting and hunting.

12. The USPTO has reexamined the '385 patent multiple times, pursuant to requests by Timney Triggers, LLC and/or its affiliate, Timney Manufacturing, Inc. (collectively, "Timney").

13. On August 20, 2014, the USPTO issued *Ex Parte* Reexamination Certificate No. 7,293,385 C1 (copy attached as Exhibit B) which concluded a first *ex parte* reexamination which Timney had requested.

14. By that certificate, the USPTO confirmed the patentability of issued Claims 1-9 in the '385 patent; determined to be patentable additional Claims 11-15, which Mossberg presented during the first *ex parte* reexamination; and canceled Claim 10 in the '385 patent.

15. On August 27, 2015, a three-person panel – all Patent Examiners who specialize in reexaminations at the USPTO – issued an Office Action (copy attached as Exhibit C) during a second *ex parte* reexamination, which Timney had requested.

16. In that Office Action, the panel: determined to be patentable issued Claims 3, 7 – those claims appear in U.S. Patent 7,293,385 B2 (Exhibit A); determined to be patentable additional new Claims 11-15, which Mossberg presented during the reexaminations; and rejected original Claims 2, 4, 6, 8 and 9 – those claims also appear in U.S. Patent 7,293,385 B2 (Exhibit A).

17. Claims 11-15, which the panel determined to be patentable, appear on pages 5-10 in an Amendment (copy attached as Exhibit D) which Mossberg filed on July 22, 2015.

18. Mossberg has canceled Claims 1, 2, 4 and 10, shown in U.S. Patent 7,293,385 B2 (Exhibit A), during the reexaminations.

## COUNT 1 - INFRINGEMENT OF
## U.S. PATENT NO. 7,293,385

19. Mossberg re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-18.

20. Defendant has been and/or is directly infringing and/or inducing infringement of and/or contributorily infringing the '385 patent by, among other things, making, using, offering to sell or selling in the United States, specific modular trigger assemblies (for firearms) that are covered by the '385 patent.

21. Upon information and belief, Defendant manufactures and sells, among other things, three models of a drop-in trigger for AR-15 rifles. Defendant identifies its models as "KE Arms DMR Trigger (TIN)", "KE Arms DMR Trigger (NP3)" and "KE Arms DMR Trigger (BLK)". Defendant uses KE ARMS and an adjacent logo (see below) on each trigger.



22. Mossberg has compared an actual drop-in trigger (*i.e.*, a KE Arms DMR Trigger (TIN)) from Defendant and believes that trigger falls within the scope of at least Claims 3, 7, 11, 13 and 15 of the '385 patent.

23. Upon information and belief, Defendant's other models of its drop-in trigger (*i.e.*, KE Arms DMR Trigger (NPE) and KE Arms DMR Trigger (BLK)) also fall within the scope of at least Claims 3, 7, 11, 13 and 15 of the '385 patent.

24. Defendant's manufacture, offers for sale and sales of its above-identified drop-in triggers have not been under license or authority from Mossberg.

25. Defendant's activities constitute direct infringement and/or contributory infringement of one or more claims of the '385 patent pursuant to 35 U.S.C. § 271.

26. As a direct result of each Defendant's infringement of the '385 patent, Mossberg has suffered, and will continue to suffer, damages in an amount to be established at trial; and Defendant has obtained ill-gotten profits in an amount to be established at trial. In addition, Mossberg has suffered, and continues to suffer, irreparable harm for which there is no adequate remedy at law.

27. Upon information and belief, Defendant had actual knowledge of the '385 patent before engaging in its infringing activity. Despite such actual knowledge of Mossberg's '385 patent, Defendant has continued to manufacture, offer for sale and/or sell its above-listed drop-in triggers in the United States, including offers for sale and sales to end-users, dealers and other retailers in Connecticut. Defendant's infringements are therefore deliberate and willful and will continue unless enjoined by this Court.

## PRAYER FOR RELIEF

28. WHEREFORE, Mossberg prays for relief as follows:

   a. for a judgment declaring Defendant has infringed Mossberg's '385 patent;

   b. for a judgment awarding Mossberg compensatory damages as a result of Defendant's infringement of Mossberg's '385 patent, together with interest and costs, and in no event less than a reasonable royalty;

   c. for a judgment declaring Defendant's infringement of Mossberg's '385 patent has been willful and deliberate;

   d. for a judgment awarding Mossberg treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendant's willful and deliberate infringement of Mossberg's '385 Patent;

   e. for a judgment declaring this case is exceptional and awarding Mossberg its expenses, costs and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285;

   f. for a grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement; and

   g. for such other relief as the Court deems just and proper.

**Plaintiff O.F. Mossberg & Sons, Inc.**

By: /s/donaldsholland
Donald S. Holland, Esq. (ct08609)
HOLLAND & BONZAGNI, P.C.
171 Dwight Road
Longmeadow, MA 01106
Tel: (413) 567-2076
dsh@hblaw.org

By: /s/ Dominic Fulco III
Dominic Fulco III (ct06494)
REID AND RIEGE, P.C.
One Financial Plaza, 21st Floor
Hartford, CT 06103
Tel: (860) 240-1031
dfulco@rrlawpc.com

By: /s/ Mary Mintel Miller
Mary Mintel Miller (ct28994)
REID AND RIEGE, P.C.
One Financial Plaza, 21st Floor
Hartford, CT 06103
Tel: (860) 240-1031
mmiller@rrlawpc.com